UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TAMMY SWEET,

                Plaintiff,

v.                                          6:15-CV-0156
                                          (GTS/WBC)
CAROLYN W. COLVIN
Acting Commissioner of Social Security,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF PETER M. HOBAICA<br>  Counsel for Plaintiff<br>2045 Genesee Street<br>Utica, NY 13501 | B. BROOKS BENSON, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br>– REGION II<br>  Counsel for Defendant<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | JOSHUA L. KERSHNER, ESQ. |

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

      Currently before the Court, in this Social Security action filed by Tammy Sweet, against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter, recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, and (2) Plaintiff's objections to the Report and Recommendation. (Dkt. Nos. 25, 26.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

I.       **PLAINTIFF'S OBJECTIONS**

Generally, Plaintiff makes five arguments in objection to Magistrate Judge Carter's Report and Recommendation. First, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that the ALJ did not err in determining that Plaintiff did not meet or equal the Paragraph B criteria of Listings 12.04, 12.06, and 12.08. (Dkt. No. 26 at 1-5.) More specifically, Plaintiff argues that the ALJ erred by not considering whether Plaintiff meets or equals these Listings based on treating psychiatrist Dr. Omidian's "Complete Medical Report (Mental)." (*Id.*) Within this argument, Plaintiff argues that Magistrate Judge Carter erred in stating that Plaintiff does not contend that the ALJ erred in finding that the medical evidence failed to establish the Paragraph B criteria of Listings 12.04, 12.06, and 12.08. (*Id.* at 1.)

Second, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that the ALJ properly determined that Plaintiff does not meet the Paragraph C criteria of Listings 12.04 and 12.06 because (1) Dr. Omidian's records indicate that Plaintiff had "one or two" episodes of decompensation lasting at least two weeks within a 12-month period, and Plaintiff had panic disorder with agoraphobia, (2) Plaintiff's testimony indicates that she could not function independently outside of the area of her home, and (3) the ALJ erred in finding that Plaintiff's activities of daily living belied a finding that she would meet Part C of Listings 12.04 and 12.06. (*Id.* at 6-9.)

Third, Plaintiff argues that the Court should reject Magistrate Judge Carter's findings that the opinions of treating psychiatrist Dr. Omidian were not entitled to controlling weight and the ALJ was correct in affording Dr. Omidian's opinions limited weight because (1) the ALJ erred in finding that Dr. Omidian's opinions were inconsistent with his treatment notes without discussing the evidence in support of Dr. Omidian's opinions, (2) the record does not contain an opinion that

contradicts Dr. Omidian's opinions, and (3) the ALJ did not provide "good reasons" for affording little weight to Dr. Omidian's opinions. (*Id.* at 9-13.)

Fourth, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that the ALJ properly assessed Plaintiff's credibility. (*Id.* at 13-14.) More specifically, Plaintiff argues that the ALJ (1) improperly cited Plaintiff's lack of work history as a basis for his adverse credibility finding, (2) erred in finding that some of the Plaintiff's assertions were not supported by the record evidence, including Plaintiff's treatment history, and (3) failed to consider Plaintiff's full testimony regarding her symptoms and limitations. (*Id.*)

Fifth, and finally, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that the ALJ did not err in relying on vocational expert testimony based on his RFC finding (because it was based on the ALJ's erroneous RFC and credibility analyses). (*Id.* at 14-15.)

## II. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v.*

*Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

### III. ANALYSIS

The Court finds that Plaintiff's objections largely restate arguments presented in her initial brief. (*Compare* Dkt. No. 26 *with* Dkt. No. 13.) To the extent that Plaintiff's first objection raises a specific objection to Magistrate Judge Carter's finding, the Court reviews this portion of the Report and Recommendation *de novo*. Regarding Plaintiff's argument that Magistrate Judge Carter erred in stating that Plaintiff does not contend that the ALJ erred in finding that the medical evidence failed to establish the Paragraph B criteria of Listings 12.04, 12.06 and 12.08, Plaintiff's point is well taken. (Dkt. No. 26, at 1 [Pl.'s Mem. of Law].) However, Magistrate Judge Carter properly analyzed the ALJ's assessment of the Paragraph B criteria nonetheless, and found that the ALJ's step three determination was supported by substantial evidence. (Dkt. No. 25, at 6-16.) Accordingly, the misstatement of Plaintiff's argument does not require remand under the circumstances.

The Court finds that the balance of Plaintiff's objections merely reiterate arguments presented in her initial brief. (*Compare* Dkt. No. 26 *with* Dkt. No. 13.) Therefore, the Court reviews the balance of Magistrate Judge Carter's Report and Recommendation for clear error only. After carefully reviewing the relevant filings in this action, including Magistrate Judge Carter's thorough Report and Recommendation, the Court can find no clear error in the Report and Recommendation. (Dkt. No. 25.) Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*)

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 25) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: August 18, 2016
  Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge